**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC KETAYI, MIRYAM KETAYI, both individually and on behalf of all others similarly situated, and for the benefit of the general public,<br><br>                                    Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>                                    Defendants. | Case No.:  20-CV-1198-GPC-KSC<br><br>**ORDER GRANTING DEFENDANT ALLIANCE FOR CONSUMERS USA'S *EX PARTE* MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>**[ECF No. 176]** |

**BACKGROUND**

Plaintiffs served the original complaint in this action on Defendant Alliance for Consumers USA ("ACUSA") on July 2, 2020.  ECF No. 17-4, Fox Decl. ¶ 3.  Plaintiffs served the First Amended Complaint ("FAC") and summons on ACUSA on September 16, 2020.  ECF No. 59.  The Clerk of Court entered default on Plaintiffs' FAC against ACUSA on December 7, 2020.  ECF No. 75.  Plaintiffs served the Second Amended Complaint ("SAC") and summons on ACUSA on April 26, 2021.  ECF No. 107.  The Clerk entered default on Plaintiffs' SAC against ACUSA on May 24, 2021.  ECF No. 118.  Plaintiffs served the Third Amended Complaint ("TAC") on August 25, 2021.  ECF

No. 148. The Clerk entered default on Plaintiffs' TAC on September 27, 2021. ECF No. 162.

Now before the Court is Defendant ACUSA's *ex parte* motion to set aside the Clerk's entry of default on Plaintiffs' TAC against ACUSA. ECF No. 176. Plaintiffs did not oppose the motion. For the reasons set forth below, the Court **GRANTS** ACUSA's motion to set aside default, and **ORDERS** that ACUSA respond to the operative complaint **on or before December 23, 2021**.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). And under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c).[1] A party may move the court to set aside an entry of default by *ex parte* motion. *See, e.g.*, *Hawkins v. Bank of America, N.A.*, 2018 WL 3426218 (S.D. Cal. July 16, 2018).

The decision to set aside default is within the district court's discretion. *See* Fed. R. Civ. P. 55(c). As dictated by Rule 55(c), the district court must determine whether there is "good cause" to set aside the entry of default. *Brandt v. Am. Bankers Ins. Co. of Fl.*, 653 F3d 1108, 1111 (9th Cir. 2011). A district court's discretion to set aside entry of default, rather than default judgment, is "especially broad." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). In the Ninth Circuit, district courts consider

---

[1] Importantly, the clerk's entry of default against a party is the first of two steps required to seek an enforceable default judgment against the party that failed to plead or respond. Under Rule 55(b), in most cases the party seeking default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Therefore, a motion to set aside an entry of default seeks a lesser intervention than would a motion to set aside a default judgment in a case under Rule 60(b).

the three factors laid out in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984), when determining whether good cause exists to set aside the Clerks' entry of default, *id.* at 463.  Those factors are: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.*  Further "[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resoled in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-46 (9th Cir. 1986).

      Under the first factor, for a plaintiff to establish prejudice, they must demonstrate "greater harm than simply delaying resolution of the case . . . the standard is whether [plaintiff's] ability to pursue [the] claim will be hindered." *Id.*  Under the second factor, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015).  In order to set aside a default entry, the court need not decide whether the facts making up the defense are true when it decides the motion to set aside default, because "that question would be the subject of later litigation." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700) (9th Cir. 2001)).  Under the third *Falk* factor, the court should find a defendant's conduct "culpable" when she has "received actual or constructive notice of the filing and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1091.  To find the movant culpable, "the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.*  It must be *more* than the movant "simply . . having made a conscious choice not to answer . . . ." *Id.*

## DISCUSSION

The Court finds that there is good cause under Rule 55 to set aside the Clerk's entry of default against ACUSA, and GRANTS Defendant ACUSA's motion.

The Court first notes that ACUSA's motion to set aside default is unopposed by Plaintiffs. ECF No. 176-1, Horton Decl. ¶ 5. Because ACUSA has not yet participated in this case, despite having repeated constructive notice that they were named in Plaintiffs' complaint, ACUSA's participation will require Plaintiffs to respond to further motions challenging Plaintiffs' complaint. The Court therefore does not agree with ACUSA that Plaintiffs will not be prejudiced by ACUSA's decision to now participate in the case. *See* ECF No. 176 at 5. However, because Plaintiffs do not oppose ACUSA's motion to set aside default, the Court finds that Plaintiffs will not be significantly prejudiced.

Second, ACUSA states in its motion that, if the Court grants the instant motion, ACUSA "would deny material facts or would allege sufficient facts that, if true, would constitute meritorious defenses" and that it has "similar positions to other defendants in the case who have already appeared and asserted various defenses." ECF No. 176 at 5. Specifically, "ACUSA would deny that marketing was false and misleading or that or that [it] provided 'worthless' services." ECF No. 176 at 5; ECF No. 176-1, Horton Decl. ¶ 4. The Defendants that have appeared in this case have litigated multiple rounds of motions to dismiss during which they have raised various defenses to the claims alleged in Plaintiffs' complaint. *See, e.g.*, ECF Nos. 142, 143, 145, 158.[2] As an alleged participant in the scheme Plaintiffs describe in the TAC, ECF No. 134, the Court finds it likely that ACUSA will similarly present meritorious defenses rebutting Plaintiffs'

---

[2] Motions to dismiss Plaintiffs' Third Amended Complaint filed by four Defendants. The Court's Order on this motion is published at ECF No. 178.

claims. As with the prejudice factor discussed above, the meritorious defense factor similarly weighs in favor of granting ACUSA's motion.

Finally, the Court considers whether ACUSA's failure to plead or otherwise respond was the result of culpable conduct. In support of its motion, ACUSA explains that it is a non-profit corporation based in Nebraska and was "unable to appear because it had inadvertently fallen out of good standing with the California [Franchise Tax Board] and Secretary of State. ACUSA was alerted to this when first served with the initial complaint." ECF No. 176 at 4; ECF No. 176-1, Horton Decl. ¶ 2. ACUSA contacted Plaintiffs once it had revived good standing, seeking to participate in the case. ECF No. 176 at 4. Considering all of the facts, ACUSA's failure to plead or otherwise respond, which led to the Clerk's entry of default, was excusable and not culpable conduct. As soon as ACUSA was able to participate in the case, they sought to do so. As such, the Court finds that the third *Falk* factor also weighs in favor of granting ACUSA's motion.

## CONCLUSION

Considering the facts presented in the instant motion, the circumstances which prevented ACUSA from responding to Plaintiffs' complaints, and the *Falk* factors, the Court finds that Defendant ACUSA has demonstrated good cause for the Court to set aside the Clerk's entry of default. Accordingly, the Court **GRANTS** Defendant ACUSA's motion to set aside default. Defendant ACUSA is ordered to respond **no later than December 23, 2021**.

**IT IS SO ORDERED.**

Dated:  December 8, 2021

Hon. Gonzalo P. Curiel
United States District Judge