UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI, and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>Defendants. | Case No.: 20-cv-1198-GPC-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**<br><br>**(2) DIRECTING PLAINTIFFS TO FILE FOURTH AMENDED COMPLAINT ON OR BEFORE JUNE 10, 2022;**<br><br>**(3) DENYING AS MOOT DEFENDANT ALLIANCE FOR CONSUMERS USA, INC.'S MOTION TO PARTIALLY DISMISS**<br><br>**[ECF Nos. 188, 211]** |

# INTRODUCTION

Before the Court are two pending motions in this action: On December 23, 2021, Defendant Alliance for Consumers USA, Inc. filed a Motion to Partially Dismiss the Third Amended Class Action Complaint. ECF No. 188. Plaintiffs opposed the motion. ECF No. 197. Defendants filed a Reply. ECF No. 205. On March 18, 2022, Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint. ECF No. 211. Defendant Cost Containment Group opposed the motion. ECF No. 218. Plaintiffs filed a Reply. ECF No. 227.

For the foregoing reasons, the Court **HEREBY GRANTS** Plaintiffs' Motion for Leave to File Fourth Amended Complaint. Accordingly, the Court **DENIES AS MOOT** Defendant ACUSA's Motion to Partially Dismiss Plaintiffs' Third Amended Complaint. Further, the Court finds this matter is suitable for disposition without a hearing, pursuant to Local Rule 7.1(d)(1) and hereby **VACATES** the June 10, 2022 motion hearing.

## I. ACUSA's Motion to Dismiss

On September 27, 2021, the Clerk of Court entered default against Defendant Alliance for Consumers USA (hereafter, "ACUSA"). ECF No. 162. On November 22, 2021 filed an Ex Parte Motion to Set Aside Default. ECF No. 176. The Court issued an order granting ACUSA's motion to set aside default, finding that "ACUSA's failure to plead or otherwise respond, which led to the Clerk's entry of default, was excusable and not culpable conduct." ECF No. 180 at 5. The Court ordered ACUSA to respond to Plaintiffs' complaint on or before December 23, 2021. *Id.* On December 23, 2021, ACUSA filed the Motion to Partially Dismiss Plaintiffs' Third Amended Complaint now before the Court. ECF No. 188.

While ACUSA awaited the Court's ruling on the motion to set aside default, the Court considered motions to dismiss filed by the other Defendants in this action. *See* ECF Nos. 142, 143, 145, 158. The Court granted in part Defendants' motions to dismiss in a

December 3, 2021 Order. ECF No. 178. As relevant to the instant motions, in opposing the motions to dismiss on jurisdictional grounds, Plaintiffs requested leave to conduct jurisdictional discovery to clarify Defendant Cost Containment Group's involvement in the conduct alleged in Plaintiffs' TAC. *See* ECF No. 11-13. The Court's Order granted in part Defendants' motion to dismiss with leave to amend for lack of personal jurisdiction, but also granted in part Plaintiffs' request to conduct jurisdictional discovery, allowing "limited jurisdictional discovery into CCG's involvement in the verification, enrollment, and fulfillment process for Plaintiffs' insurance plans." ECF No. 178 at 13. On December 17, 2021, Plaintiffs served jurisdictional discovery on CCG, including a notice of a Rule 30(b)(6) deposition. ECF No. 211 at 4. CCG informed Plaintiffs that they would not produce a witness for the deposition, and the Parties alerted the Court to the impasse concerning whether CCG would be required to provide a Rule 30(b)(6) deponent on jurisdictional issues. *Id.* at 5. Ultimately, Magistrate Judge Crawford ordered that the deposition be completed on or before March 4, 2022, and ordered that Plaintiffs move to amend their complaint on or before March 18, 2022. ECF No. 201. Plaintiffs filed the instant motion for leave to amend their complaint on March 18, 2022. ECF No. 211.

Upon the Court's review of the proposed Fourth Amended Complaint (hereafter, "4AC"), it appears that Plaintiffs have now omitted the cause of action that was Count One of the Third Amended Complaint ("TAC"). ACUSA's motion to partially dismiss Plaintiffs' TAC seeks only to dismiss Count One of the Complaint, "on the basis that Plaintiffs lack standing to seek injunctive relief." ECF No. 188. ACUSA states in the motion: "The Court has already considered the issue and granted motions to dismiss previously filed by Defendants on this basis," and asks the Court to "[a]pply the doctrine of the law of the case" and dismiss Count One against ACUSA. *Id.*

At this stage in the proceedings, Plaintiffs no longer seek to pursue Count One of their TAC, which alleged Defendants' violation of California's Unfair Competition Law.

3

20-cv-1198-GPC-KSC

*Compare* ECF No. 211-3 at 73-78 (Ex. 2, Plaintiffs' Redlined Third Amended Complaint) *with* ECF No. 211-2 at 64 (Ex. 1, Plaintiff's Proposed Fourth Amended Complaint). As the Court sets forth below, the Court GRANTS Plaintiffs' motion for leave to amend their complaint and file a Fourth Amended Complaint. Accordingly, ACUSA's motion to dismiss Count 1 of the Complaint is now moot. The Court hereby DENIES AS MOOT ACUSA's motion to partially dismiss the Third Amended Complaint.

## II. Plaintiffs' Motion for Leave to Amend the Complaint

Plaintiffs now ask for leave to file a Fourth Amended Complaint. ECF No. 211. In support of the motion, Plaintiffs assert that the changes to the TAC reflected in the proposed 4AC "serve two primary purposes: (1) to add additional jurisdictional allegations uncovered during the jurisdictional discovery against CCG" as authorized by this Court's December Order granting in part CCG's motion to dismiss and allowing Plaintiffs to pursue limited jurisdictional discovery. *See* ECF No. 178 at 13. Defendant Cost Containment Group opposed the motion. ECF No. 218.

### a. Legal Standard

Federal Rule of Civil Procedure 15(a) governs a party's ability to amend its pleading before trial. Once the 21-day window during which a party may amend its pleading "as a matter of course" has passed, "a party may amend its pleading only with the opposing party's written consent or the court' leave." Fed. R. Civ. P. 15(a)(2). The Rule instructs that "[t]he court should freely give leave when justice so requires." *Id.* The Supreme Court in *Foman v. Davis*, held that "Rule 15(a) declares that leave to amend shall be 'given freely when justice so requires'; this mandate is to be heeded . . . refusal to grant the leave without any justifying reason for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules," 371 U.S. 178, 182 (1962). In evaluating a request under 15(a), the court

considers five factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of amendment, and (5) futility of the amendment. *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 709 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman,* 371 U.S. at 182). Absent such a showing, the court is to apply Rule 15(a) as a "liberal amendment policy." *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion for leave to amend the complaint, and to file the proposed Fourth Amended Complaint.

**b.  Analysis**

    **i.  Undue Delay, Bad Faith, Repeated Failure to Cure Deficiencies**

The first three factors the Court considers under Rule 15(a)(2) is whether the amended pleading is the product of undue delay, whether the request for leave to amend is made in bad faith or with dilatory motive, and whether the movant has repeatedly failed to cure deficiencies by amendment. *See* Fed. R. Civ. P. 15(a)(2). CCG's opposition to Plaintiffs' motion presents no arguments on these three factors.

The Court will first observe that the circumstances under which Plaintiffs seek to amend their compliant and file the 4AC are somewhat unique. In the December 2021 Order granting CCG's motion to dismiss with leave to amend for lack of personal jurisdiction, the Court simultaneously authorized Plaintiffs to pursue jurisdictional discovery. *See* ECF No. 178 at 3. Thereafter, Plaintiffs served jurisdictional discovery on CCG on December 17, 2021, which set a deposition of CCG on jurisdictional issues for January 17, 2022. ECF No. 211 at 4. On January 13, 2022, CCG informed Plaintiffs that CCG could not produce a witness for the deposition. *Id.* The Parties reached an impasse, and alerted Magistrate Judge Crawford's chambers, and had an informal conference concerning the discovery issue on February 1, 2022. *Id.* at 5. On February 10, 2022,

Judge Crawford held a hearing on Plaintiffs' request for a Rule 30(b)(6) deposition, and held that the deposition sought was within the scope of this Court's December 2021 Order, and ordered that the deposition be completed no later than March 4, 2022. *Id.*; ECF No. 201. Judge Crawford set a March 18, 2022 deadline for Plaintiffs to file an amended pleading which would include any new jurisdictional allegations they wished to raise in support of their claims against CCG. *Id.* Plaintiffs argue, "[t]he Court set this deadline precisely to allow time for Plaintiffs to complete the ordered jurisdictional discovery and prepare a Fourth Amended Complaint for filing." *Id.* Plaintiffs filed their motion for leave to amend on March 18, 2022. ECF No. 211.

Under the circumstances in this case, it would be impossible to find that the request for leave to amend is the product of undue delay. As stated above, Plaintiffs have efficiently sought resolution of the matter raised in the Court's December 2021 Order: Plaintiffs sought jurisdictional discovery following the Court's December Order, timely sought assistance and intervention from Judge Crawford's chambers when CCG informed Plaintiffs they would not produce a witness for deposition, deposed the CCG witness, and filed their motion for leave to amend their complaint all by the deadline set by Judge Crawford. The Court finds therefore finds that the filing of the motion and the proposed amended complaint incorporating jurisdictional allegations, is not the product of undue delay. Indeed, Plaintiffs heeded this Court's instructions and Judge Crawford's deadlines to complete such discovery and file an amended pleading within the tight timelines set forth.

Similarly, there is no indication that the motion for leave to amend was made in bad faith. The Court's December 2021 Order granted the motion to dismiss with leave to amend, and Plaintiffs have followed the dictates of that Order. Further, from the Court's review of the amended pleading (ECF No. 211-2), Plaintiffs have sought to incorporate the jurisdictional allegations supported by information gleaned during discovery in this

amended pleading. There is thus no indication the amendment is made in bad faith, merely to lengthen CCG's involvement in this case.

Third, the Court also finds that while this amended pleading would be Plaintiffs' Fourth Amended Complaint, the amended pleadings in this case have not been the result of Plaintiffs' neglect or failure to make sufficient efforts to prosecute this case. In Plaintiffs' TAC, they alleged, "Defendants purposefully disguise the entity that is responsible for each step in Defendants' coordinated scheme." ECF No. 134, TAC, ¶ 106. Thus, in response to the motion to dismiss, Plaintiffs requested leave to conduct jurisdictional discovery to reveal facts about the nature of CCG's contacts with this forum related to the personal jurisdiction question. *See* ECF No. 158 at 29-30. Taking into consideration the procedural history of this case, and Plaintiffs' specific efforts to gain a better understanding of CCG's role in the alleged conduct, the Court finds that Plaintiffs' request for leave to amend the complaint is not due to repeated failures to cure previously identified deficiencies.

### ii. Undue Prejudice

The Ninth Circuit "Not all of the factors merit equal weight" in the court's analysis. *Eminence Capital, LLC v. Aspen, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Indeed, "prejudice to the opposing party . . . carries the greatest weight." Id.; *see Genentech, Inc. v. Abbot Labs*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) ("The single most important factor is whether prejudice will result to the nonmovant."). However, the party opposing the amendment has the burden of demonstrating the prejudice they expect to face because of the proposed amendment. *In Re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). Here, CCG has made no representations that they will face undue prejudice if Plaintiffs are permitted to amend their complaint. To be sure, allowing Plaintiffs to amend their complaint will require CCG to continue to participate in and litigate this case. However, CCG has the burden to demonstrate that they will be unduly

prejudiced by amendment, and having failed to make any such claims of prejudice, the Court finds that this factor weighs in favor of Plaintiffs.

### iii. Futility

CCG's primary contention is that Plaintiffs "fail to outline or explain how the new jurisdictional allegations against CCG would cure the finding by this Court that it lacks personal jurisdiction over CCG" and that "the proposed amended complaint attached to Plaintiffs' motion mischaracterizes CEO Robert Hodes' testimony" such that the complaint creates a misimpression about CCG's involvement and the relationship with Ocean Consulting Group, another Defendant in this action. ECF No. 218, CCG Opp., at 2. Overall, CCG states that despite the jurisdictional discovery, "[t]he proposed allegations are insufficient to cure the lack of personal jurisdiction this Court has over CCG." *Id.* at 5. Specifically, CCG argues that Ocean Consulting Group, not CCG directed activities at the forum state, defeating the link Plaintiffs need to establish personal jurisdiction. *Id.* at 5.

The inquiry at this stage is whether Plaintiffs' proposed amendment is futile, not a *sua sponte* review of the pleading for whether it passes Rule 12(b)(2) or 12(b)(6) muster. The Court reiterates that Rule 15 provides a liberal amendment standard. From a review of the proposed 4AC, it appears Plaintiffs have incorporated jurisdictional allegations in the 4AC that were developed through discovery. *See* ECF No. 211-3 at 36-47 (Plaintiffs' Redlined Third Amended Complaint. If Defendants seek to challenge the substance of the jurisdictional allegations Plaintiffs have included in the proposed 4AC, the appropriate avenue is a motion to dismiss. Further, as Plaintiffs note, CCG's challenges do not address adequately Plaintiffs' allegations that CCG's employees were involved in the alleged conduct, not merely Ocean Consulting Group employees acting at CCG's direction. *See* ECF No. 227 at 4. There are numerous allegations that may, upon a brief review, serve to show contacts with California. In any event, some courts have

acknowledged the "general preference against denying a motion for leave to amend based on futility," *Green Valley Corp. v. Caldo Oil Co.*, 2011 WL 1465883, *6 (N.D. Cal. 2011). That "CCG will once again move to dismiss for lack of personal jurisdiction," ECF No. 218 at 3, is not sufficient reason to find that amendment is futile.

Accordingly, having found that the five factors under Rule 15(a) weigh in favor of granting Plaintiffs' motion for leave to amend their complaint, the Court hereby **GRANTS** the motion. Plaintiff is hereby directed to file the proposed Fourth Amended Complaint, as it appears at ECF No. 211-2, as their Fourth Amended Complaint, **on or before June 10, 2022**.

## CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Plaintiffs' Motion for Leave to File a Fourth Amended Complaint **GRANTED**;
2. Plaintiffs shall file the Fourth Amended Complaint **on or before June 10, 2022**; and
3. ACUSA's motion to partially dismiss Plaintiffs' Third Amended Complaint is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  June 8, 2022

Hon. Gonzalo P. Curiel
United States District Judge