UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>                    Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>                    Defendants. | Case No.:  20-cv-1198-RSH-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND PRETRIAL SCHEDULE**<br><br>**[Doc. No. 251]** |

Before the Court is the parties' Joint Motion to Amend [the] Pretrial Schedule (the "Joint Motion").  Doc. No. 251.  For the reasons stated below, the Joint Motion is **GRANTED IN PART** and **DENIED IN PART**.

On December 14, 2021, following a Case Management Conference with counsel for all parties, the Court issued the operative Scheduling Order, generously allotting the parties over ten months to complete fact discovery.  *See* Doc. No. 182.  Plaintiffs issued discovery requests to several defendants between December 2021 and February 2022. As appears from the Joint Motion, however, defendants' production of responsive documents has

///

1

moved at an exceedingly slow pace, such that "documentary discovery is still in the relatively beginning stages."  Doc. No. 251 at 5-6.

While the Court appreciates that discovery in this case is "complex," the paucity of documents produced to date -- *five to seven months* after service of plaintiffs' discovery requests -- is simply unacceptable. *See* Doc. No. 251 at 4-5. The Court reminds the parties and their counsel of their obligation to "proceed with diligence to take all steps necessary to bring an action to readiness for trial," CivLR 16.1(b), and reiterates that it will not reward the parties' failure to comply with this obligation by granting repeated requests for lengthy continuances.

Put simply, the Court finds that the parties have ***not*** established good cause for the requested continuances.  Nevertheless, considering the substantial amount of discovery yet to be completed in this matter, and cognizant that public policy favors resolution of actions on their merits, the Court **GRANTS IN PART** and **DENIES IN PART** the parties' Joint Motion.  The parties are advised that the Court will not tolerate further delay and will not be favorably inclined towards any further requests for more time to complete discovery, particularly where the need for additional time is the foreseeable and avoidable result of the parties' lack of diligence and cooperation.  "A scheduling order 'is not a frivolous piece of paper, idly entered,'" *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1996) (citation omitted), and the Court expects all parties to take the necessary measures to comply with the deadlines below, including but not limited to producing and reviewing documents on a rolling basis.

The Court further **ORDERS** as follows:

1.     Plaintiffs must file their motion for class certification no later than ***November 4, 2022***.  Defendants' opposition must be filed by ***December 14, 2022***.  Any reply brief must be filed by ***January 4, 2023***. Except for the foregoing briefing schedule, the parties are expected to fully comply with Civil Local Rule 7.1 in all respects unless leave to do otherwise is granted by the District Court.

///

2.     All fact discovery shall be **completed** by all parties by ***February 24, 2023***. "Completed" means that all discovery under Federal Rules of Civil Procedure 30-36 and 45 must be initiated sufficiently in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Civil Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process and to follow the undersigned's Chambers' Rules if the parties reach an impasse on any discovery issue.  **A failure to comply will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court**.

3.     To monitor the parties' progress and ensure their timely completion of fact discovery, counsel shall appear at telephonic discovery status conferences before the undersigned Magistrate Judge as follows:

August 31, 2022        10:00 a.m.

September 30, 2022     11:00 a.m.

To participate in the status conferences, counsel should call 1-877-873-8017 and use access code 2924630.  ***No less than 48 hours before each status conference***, the parties must submit a Joint Status Report of no more than 10 pages.  The Joint Status Report shall set forth: (1) the number of documents produced by each defendant as of the date of the first Joint Status Report, and thereafter the number of documents produced by each defendant since the previous status conference; (2) the number of potentially responsive documents yet to be reviewed by each defendant, and the average number of documents each defendant reviewed per week; (3) the number of documents reviewed by plaintiffs as of the date of the first Joint Status Report, and thereafter the number of documents reviewed since the previous status conference; (4) the average number of documents reviewed by plaintiff per week; and (5) the number and dates of any scheduled depositions.  The Joint

20-cv-1198-RSH-KSC

Status Report is not a substitute for the Court's discovery dispute resolution procedures and should be free of argument. The Joint Status Report should be lodged directly with the undersigned's chambers by email (efile_Crawford@casd.uscourts.gov).

4. The parties shall designate their respective experts in writing and **_shall simultaneously serve the written report of those experts_**, if required, by **_April 7, 2023_**. Pursuant to Federal Rule of Civil Procedure 26(a)(2), the parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705.  As used herein, "identify" means to state the expert's name, address, telephone number, a reasonable summary of the testimony the expert is expected to provide, and the expert's normal rates for deposition and trial testimony.  The requirements of this paragraph apply to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c)**.

5. The parties shall designate any rebuttal experts in writing and **_shall simultaneously serve the written reports of those experts_**, if required, no later than **_May 19, 2023_**.  The provisions of the preceding paragraph apply equally to the disclosures of and by rebuttal experts.  The parties are expected to comply with Federal Rule of Civil Procedure 26(a)(2)(E) and 26(e).

6. All expert discovery shall be completed by all parties by **_June 23, 2023_**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.  Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of expert testimony or other designated matters in evidence.

///

4

7.      A Mandatory Settlement Conference shall be conducted on ***July 17, 2023*** at ***9:30 a.m.*** before **Magistrate Judge Karen S. Crawford**. The parties shall lodge confidential settlement briefs directly to chambers by ***July 10, 2023***.  The Court expects full compliance with the undersigned's Chambers' Rules.

8.      All other pretrial motions must be filed by ***July 28, 2023***.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date, and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9.      Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by ***October 27, 2023***.

10.     Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by ***November 2, 2023***.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11.     Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by ***November 9, 2023***.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By ***November 16, 2023***, plaintiff's counsel must provide opposing counsel with the proposed pretrial order

for review and approval.  Opposing counsel must provide any objection to the form or content of the pretrial order to plaintiffs' counsel by **_November 22, 2023_**.  The parties are expected to promptly meet and confer and make a good faith effort to resolve their differences, if any, concerning the order.

13.   The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **_November 30, 2023_**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

14.   The final Pretrial Conference is scheduled on the calendar of the **Honorable Robert S. Huie** on **_December 7, 2023_** at **_1:30 p.m_**.

## ORDER

For the reasons stated above, the parties' Joint Motion is **GRANTED IN PART AND DENIED IN PART.  The Court will not further modify the pretrial schedule absent a showing of good cause**.  The parties' inability to comply with the foregoing deadlines because of their lack of cooperation or diligence will not be considered good cause.

**IT IS SO ORDERED.**

Dated:  July 15, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

20-cv-1198-RSH-KSC