UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-1198-RSH-KSC<br><br>**ORDER ON JOINT MOTION CONCERNING DISCOVERY DISPUTES**<br><br>[Doc. No. 254] |

　　　　Before the Court is a Joint Motion Concerning Discovery Disputes (the "Joint Motion") by plaintiffs Eric and Miryam Ketayi ("plaintiffs") and defendants Health Plan Intermediaries Holdings, LLC and Health Insurance Innovations Holdings, Inc. (collectively, "HII"). The Court has considered the parties' moving papers and issues the following Order.

　　　　In June 2022, plaintiffs and HII brought to the Court's attention a dispute regarding the appropriate search terms and custodians to be used in collecting ESI responsive to plaintiffs' Requests for Production, Set One to HII (the "First RFPs"). The Court and its staff engaged counsel in two lengthy telephonic conferences on the dispute. On June 29,

2022, the Court ordered plaintiffs and HII to continue to meet and confer in good faith regarding search terms and custodians, with the benefit of the guidance provided by the Court.  The Court also directed plaintiffs and HII to file a joint discovery motion by July 15, 2022 if they could not reach agreement.[1] *See* Doc. No. 244 at 3.

As stated in the Joint Motion, plaintiffs and HII did indeed continue to meet and confer and agreed that HII would collect ESI responsive to the First RFPs using certain negotiated search terms and custodians.  Doc. No. 254 at 2; *see also* Doc. No. 254-1 and Doc. No. 254-2.  However, on July 14, 2022 (*i.e.*, the day before the Joint Motion was filed), plaintiffs served an additional 180 document requests on HII (the "Second RFPs"), giving rise to a dispute regarding the use of the parties' agreed-upon search terms and custodians to collect any ESI responsive to the new requests.  HII requests that the Court "[d]esignate" the agreed-upon search terms and custodians as "final," whereas plaintiffs insist they should be able to request additional ESI search parameters to capture documents responsive to the Second RFPs.  *See* Doc. No. 254 at 6, 11.

HII claims, and the Court agrees, that HII is "only obligated under [the Federal Rules] to provide discovery that is proportional to the needs of the case." *Id.* at 9.  But, the Court also agrees with HII's further statement that proportionality cannot be evaluated "in a vacuum." *See id.* Here, plaintiffs served their Second RFPs on July 14, 2022.  HII's responses and objections are not due to be served until August 15, 2022, after which the parties must meet and confer about HII's objections (proportionality or otherwise).

///
///
///
///

---

[1] The Court also ordered all other defendants to "finalize, by agreement with plaintiffs, the search terms and custodians to be used in the collection of their respective ESI."  Doc. No. 244 at 2-3.

The Court finds that the dispute is not ripe for its intervention at this time. Accordingly, HII's request for an order deeming the negotiated search parameters "final" is **DENIED.** At the appropriate time and if applicable, the Court will address any dispute concerning plaintiffs' Second RFPs, including whether those requests are proportional to the needs of the case, in accordance with the undersigned's Chambers' Rules.

**IT IS SO ORDERED.**

Dated:  August 1, 2022

Hon. Karen S. Crawford
United States Magistrate Judge