UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>    Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>    Defendants. | Case No.: 20-cv-1198-RSH-KSC<br><br>**ORDER ON JOINT MOTION CONCERNING DISCOVERY DISPUTEBETWEEN PLAINTIFFS AND CCG**<br><br>[Doc. No. 268] |

Before the Court is a Joint Motion Concerning Discovery Disputes (the "Joint Motion") by plaintiffs Eric and Miryam Ketayi and defendant Cost Containment Group, Inc. ("CCG"), in which CCG seeks a protective order staying discovery until the District Court rules on CCG's pending Motion to Dismiss. Doc. No. 268. The Court has considered the parties' moving papers and hereby **DENIES** CCG's request.

////

////

////

**I. Factual and Procedural Background**

This case was originally filed on June 26, 2020. *See* Doc. No. 1. The parties describe the matter generally but accurately as a "RICO conspiracy among nine defendants in the marketing, sale[,] and administration of several insurance products." *See* Doc. No. 26 ¶ 1. After a series of challenges to the pleadings and the entry of default against one of the defendants (later set aside), plaintiffs filed a Third Amended Complaint on July 28, 2021. *See generally* Doc. Nos. 2-134. Some of the defendants answered the Third Amended Complaint. *See, e.g.*, Doc. Nos. 138-49, 151-52. Others, including CCG, moved to dismiss. *See, e.g.*, Doc. Nos. 142-45, 153. On December 3, 2021, the District Court issued an omnibus Order ruling on numerous motions. *See generally* Doc. No. 178.[1] As part of the Order, the District Court granted CCG's Motion to Dismiss the Third Amended Complaint for lack of personal jurisdiction [Doc. No. 143]. *See* Doc. No. 178 at 23.[2] The District Court ultimately concluded the Third Amended Complaint did not present sufficient "uncontested facts which support a conclusion that CCG directed activities at California" such that an exercise of the Court's jurisdiction would comport with due process. *Id.* at 7.

At the same time, the District Court treated plaintiffs' Opposition to CCG's Motion as a request for "jurisdictional discovery," granted that request, and gave plaintiffs leave to amend the Third Amended Complaint to cure the jurisdictional defects. *See id.* at 11-13. After the District Court granted CCG's Motion to Dismiss, the parties, including CCG,

---

[1] Specifically, the District Court ruled on the following three motions: Defendant Health Plan Intermediaries Holdings, LLC and Health Insurance Innovations Holdings, Inc.'s Motion to Partially Dismiss the Third Amended Class Action Complaint [Doc. No. 142]; Defendant Cost Containment Group Inc.'s Motion to Dismiss For Lack of Personal Jurisdiction [Doc. No. 143]; and, Defendant Administrative Concepts, Inc.'s Motion for Judgment on the Pleadings and Joinder in Motion to Partially Dismiss the Third Amended Class Action Complaint Filed By Health Plan Intermediaries Holdings LLC and Health Insurance Innovations Holdings Inc. [Doc. No. 145].

[2] This Court uses the pagination applied by the Court's CM/ECF case management system throughout this Order, as opposed to the pagination use by the parties.

engaged in substantial discovery, often with guidance from (and intervention by) this Court. *See, e.g.*, Doc. Nos. 198, 201, 204, 210, 213, 216, 228, and 229. Despite being ordered by the District Court to provide jurisdictional discovery, CCG opposed plaintiffs' efforts to take a 30(b)(6) deposition consistent with the District Court's Order, which ultimately required this Court to compel CCG's testimony. *See* Doc. No. 201.

On June 8, 2022, having taken jurisdictional discovery, plaintiffs obtained the District Court's leave to file an amended pleading.[3] *See* Doc. No. 230 at 4-9. The District Court analyzed Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings, and determined, *inter alia*, "[f]rom a review of the proposed [Fourth Amended Complaint], it appears Plaintiffs have incorporated jurisdictional allegations . . . that were developed through discovery" and that "[t]here are numerous allegations that may, upon a brief review, serve to show [CCG's] contacts with California." Doc. No. 230 at 8-9. Consistent with this ruling, the District Court's Order expressly states "[t]o be sure, allowing Plaintiffs to amend their complaint ***will require CCG to continue to participate in and litigate this case***." *Id.* at 7 (emphasis added).

Plaintiffs filed the Fourth Amended Complaint on June 9, 2022. *See* Doc. No. 231. On June 29, 2022, this Court held a hearing attended by counsel for CCG and other parties to discuss various discovery issues. *See generally* Doc. No. 255. At the hearing, the following exchange occurred between this Court and counsel for CCG:

> THE COURT: I understand . . . CCG may proceed [with] filing yet another motion to dismiss.
>
> [COUNSEL]: Yes, your Honor. . . .
>
> THE COURT: You do not get a pass on discovery in the meantime. You are a part in this litigation until such time that Judge Huie grants any motions dismissing you as a party. ***Discovery is not going to be put on hold for you***

---

[3]     On April 14, 2022, CCG opposed plaintiffs' Motion to File the Fourth Amended Complaint. Doc. No. 218. The District Court rejected CCG's Opposition in its Order Granting Leave to File Fourth Amended Complaint, filed on June 6, 2022. Doc. No. 230.

> *or any other party pending your filing of yet another motion*. So your obligation to produce documents is the same as all other defendants. . . .
>
> [COUNSEL]: I understand your position.

*See* Doc. No. 255 at 21-22 (emphasis added). CCG's counsel did not at that time raise the issue of any limitations to discovery based on the District Court's December 2021 Order. *See id.* CCG moved to dismiss the Fourth Amended Complaint for lack of personal jurisdiction on July 7, 2022, which Motion remains pending before the District Court. *See* Doc. No. 248. CCG neither moved to stay discovery pending determination of the dismissal motion, nor sought clarification from the District Court (or the undersigned Magistrate Judge) as to whether discovery from CCG would continue to be limited to jurisdictional issues.

## II. The Parties' Discovery Dispute

After filing the Fourth Amended Complaint, plaintiffs sought written discovery from CCG on August 25, 2022, which discovery plaintiffs contend is relevant to their impending motion for class certification. *See* Doc. No. 268 at 8; 268-1 at 5. This discovery included requests for production of documents, interrogatories, and requests for admission. *See generally* Doc. No. 268-1 at 5, 31-60. On September 28, 2022, CCG responded with "objections-only" responses to the discovery requests at issue. *See generally id.* at 72-113, 141-43, 172-78. Specifically, it interposed a single, identical objection to each and every discovery request: "This request exceeds the scope of Judge Curiel's December 3, 2021, [Order] . . . regarding jurisdictional discovery." *Id.*[4] On September 30, 2022, the parties

---

[4] Any objections to plaintiff's discovery requests other than the one based on the District Court's prior Order are forfeited because CCG failed to timely raise them. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). CCG's boilerplate "general" objections are meaningless and preserve nothing. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

informed the Court they were at an impasse as to that objection, and the Court ordered the parties to file the Joint Motion. Doc. No. 266.

In the Joint Motion, CCG does not contest the relevance of the discovery to class certification or assert any belated objections. It only argues the District Court's December 2021 Order limited the scope of discovery by plaintiff as to CCG to issues of personal jurisdiction. Accordingly, it asserts this Court should issue a protective order staying discovery pending resolution of CCG's Motion to Dismiss the Fourth Amended Complaint by the District Court. Doc. No. 268 at 4-5. Plaintiffs contend both this Court and the District Court have unambiguously ruled CCG is obligated to participate in discovery, and the interposition of a jurisdictional objection to discovery is nothing more than a delay tactic. *See id.* at 7, 11-12.

### III. Analysis

Unless otherwise limited by Court order, the scope of discovery is generally defined by the claims and defenses set forth in the pleadings. *See* Fed. R. Civ. P. 26(b); *Castillo v. Norton*, 219 F.R.D. 155, 160 n.2 (D. Ariz. 2003); *EEOC v. United States Bakery*, 03-64-HA, 2004 U.S. Dist. LEXIS 11350, at *7 (D. Or. Feb. 4, 2004). An amended complaint has the procedural effect of "superseding" any previous pleadings. *See, e.g.*, *Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022); *Ave 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 503 (9th Cir. 2016); *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir. 2002).

This Court may issue a protective order for good cause. *See* Fed. R. Civ. P. 26(c). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Skellerup Inds. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995)). Any party seeking such a stay carries a "heavy burden." *See Georgiou Fam. Trust v. Ruthen*, 2:21-cv-1060-JCM-DJA, 2022 U.S. Dist. LEXIS 11178, at *14 (D. Nev. Jan. 21, 2022). This Court may nonetheless exercise its discretion to issue a protective order that stays discovery pending resolution of a dispositive

motion when the motion would dispose of the entire case and no further discovery is needed to resolve the pending motion. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003). At the same time, the Court will use its discretion to balance the convenience of a stay against the risk of unfair prejudice to the party opposing a discovery stay. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); *accord Masimo Corp. v. Apple, Inc.*, 2022 U.S. Dist. LEXIS 111724, at *4-5 (C.D. Cal. June 23, 2022); *Ahern Rentals, Inc. v. Mendenhall*, C20-00542-JCC, 2020 U.S. Dist. LEXIS 120948, at *3-4 (W.D. Wash. July 9, 2020). The Court generally considers the propriety of a discovery stay under the totality of the circumstances. *Universal Elecs.*, 943 F. Supp. 2d at 1031.

As CCG notes, the facts of this case superficially fit the test set forth in *Pacific Lumber Co.* because the pending Motion to Dismiss would, if granted, completely release CCG from the case, and there is no further discovery necessary to resolve the jurisdictional issue. *See* Doc. No. 268 at 6. This could support an exercise of this Court's discretion to stay the case. *See Pac. Lumber Co.*, 220 F.R.D. at 352. But this Court also notes plaintiffs' impending deadline to move for class certification. Plaintiffs contend, and CCG does not dispute, the discovery at issue here is relevant and necessary to the class certification motion. Doc. No. 268 at 8. Plaintiffs thus persuasively and credibly argue they would be severely prejudiced by CCG's failure to provide discovery responses. *Id.* at 12. The Court therefore finds the prejudice to plaintiffs weighs in favor of denying a protective order here, and under the totality of the circumstances such request should be denied. *Universal Elecs.*, 943 F. Supp. 2d at 1031.[5]

---

[5] At the time the parties filed the Joint Motion, the deadline was November 4, 2022. *See* Doc. No. 252 at 2. In a separate Order, filed concurrently with this Order, this Court has continued that deadline until December 19, 2022. This short continuance in no way eliminates the prejudice faced by plaintiffs in preparing to certify a class because it would have been effectively impossible for plaintiffs to compel discovery from CCG and prepare the Motion for Class Certification if the Court had not continued the deadline to file that

The Court has considered CCG's argument that a prior Order of the District Court [Doc. No. 178] limits discovery to material showing whether the Court has personal jurisdiction over CCG. Doc. No. 268 at 4-5. While the District Court agreed with CCG that the Third Amended Complaint lacked adequate jurisdictional allegations in the granting of CCG's Motion to Dismiss, in granting that Motion without prejudice on December 3, 2021, the District Court allowed plaintiffs the opportunity to conduct discovery to correct this deficiency. Doc. No. 178 at 11-13. On June 8, 2022, the District Court concluded plaintiffs had alleged an adequate basis for jurisdiction when it issued the Order Granting Leave to File the Fourth Amended Complaint. Doc. No. 230 at 8. As ordered by the District Court, CCG must now "continue to participate in and litigate this case" exactly like any other party. *See id.* at 7. This Court delivered the same admonishment to CCG on June 29, 2022—***months*** before CCG served the objections to the discovery at issue here. Doc. No. 255 at 21-22. The record in this case supports only one reasonable conclusion: the "jurisdictional" limitation to discovery ended with Judge Curiel's Order granting plaintiffs Motion to Amend on June 8, 2022, which allowed the filing of the Fourth Amended Complaint. This Fourth Amended Complaint is now the operative pleading in this matter, and it thus defines the scope of discovery. The District Court and this Court have unequivocally informed CCG it is a party to this action, and it will produce discovery unless and until the District Court dismisses it from this case. Rather than supporting the issuance of a protective order, the District Court's Orders compel denial of CCG's Motion.

### IV. Conclusion and Order

The Court will not mince words here: CCG's reliance on the District Court's December 2021 Order [Doc. No. 178] is unreasonable and by all appearances is made for the sole purpose of delaying plaintiffs' right to obtain discovery from CCG in this action. The Court expects and trusts that CCG—indeed ***all*** parties—will take this as a fair warning

---

motion. Even with the continuance, and even absent a stay, plaintiffs remain under relatively tight time constraints such that equity favors compelling discovery here.

that all discovery gamesmanship must cease immediately. **IT IS HEREBY ORDERED** the Motion for a Protective Order is **DENIED**. CCG must produce substantive responses—without objections—to plaintiffs' written discovery on or before **November 10, 2022**.

Dated: October 27, 2022

Hon. Karen S. Crawford
United States Magistrate Judge