UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  20-cv-1198-RSH-KSC<br><br>**ORDER FOLLOWING STATUS CONFERENCE AND IN RESPONSE TO THE PARTIES' JOINT STATUS REPORT** |

　　　　On September 30, 2022, the Court held a Status Conference with the parties. *See* Doc. No. 266. At the conclusion of that Status Conference, and based on the representations of the parties made about the course of discovery, the Court ordered the parties to submit a Joint Status Report to "address[] the parties' positions on modifying the operative Scheduling Order, including all reasons in support of any proposed modification." *Id.* The parties filed a Joint Status Report on October 6, 2022, and an Update to that Report on October 19, 2022. Doc. Nos. 267, 269. In the Joint Report, the parties go well beyond the Court's request for a statement of their "positions," and jointly move for a 45-day continuance of the fact discovery cutoff and the deadline to file plaintiffs' Motion for Class

Certification. *Id.* at 5-6. The Court will address the parties' request to amend the operative Scheduling Order given the imminent deadline for plaintiffs to move to certify a class.

A scheduling order may not be modified without a showing of good cause. Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the part[ies] seeking amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The parties last moved to amend the Scheduling Order on July 8, 2022. Doc. No. 251. Although this Court determined that the parties had "***not*** established good cause for the requested continuances" because of their inability to diligently work through pretrial discovery, the Court nonetheless granted the Motion in part given the complexity of this case. Doc. No. 252 at 2. The Court expressly admonished the parties it would "not tolerate further delay and [would] not be favorably inclined towards any further requests for more time to complete discovery, particularly when the need for additional time is the foreseeable and avoidable result of the parties' lack of diligence and cooperation." *Id.* at 3.

In an effort to monitor discovery in this case, the Court scheduled Status Conferences for August 31 and September 30, 2022. *Id.* at 4. In August 2022, many of the parties assured the Court there would be substantial progress towards completing discovery before the September conference. Despite those representations, at the September 2022 conference, the parties appeared to have made little progress towards completing written discovery or setting depositions necessary for bringing and opposing plaintiffs' class certification motion. The parties most recent Joint Status Report reveals more of the same. *See generally* Doc. No. 267. Although the parties suggest they have "worked diligently on this matter," the Joint Status Report indicates "rolling productions" of documents that began as far back as June 2022 are still "continuing," with only vague estimates as to when they might conclude, and plaintiffs waited to serve discovery on some parties until August 2022. *Id.* ¶¶ 2-7, 9-11. Plaintiffs further state they have not completed their review of approximately 15,000 documents, and they provide no estimate for when that review might conclude, let alone their review of the yet-to-be-produced documents and discovery responses. *Id.* ¶ 5. As reported, scheduling depositions has been held up by amorphous and nonspecific

"scheduling conflicts." *See id.* ¶ 12. The parties thus conclude it is "unlikely" plaintiffs will obtain necessary deposition testimony prior to the deadline for filing a Motion for Class Certification. *Id.* They elaborate on this in their Update, stating that a scheduled 30(b)(6) deposition cannot go forward because the chosen 30(b)(6) witness contracted COVID-19. Doc. No. 269 at 2. Additionally, another 30(b)(6) deposition has been held up because the witness is out of the country on a planned vacation. *Id.* Finally, the plaintiffs indicate they served more written discovery on October 19, 2022. *Id.* at 3.

The parties jointly "agree" good cause exists to continue the dates set forth in the operative Scheduling Order. Doc. No. 267 ¶ 13. The Court is not bound by the parties' "agreement" here, and, as many courts in many different contexts have noted, the legal concept of "good cause" is rooted in objective standards. *See, e.g.*, *Am. Mart Corp. v. Joseph E. Seagram & Sons, Inc.*, 824 F.2d 733, 734 (9th Cir. 1987); *Billingsley v. MV Transp., Inc.*, 242 F. Supp. 3d 1011, 1016 (E.D. Cal. 2017); *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005). The fact that this case is "complex" may have justified an earlier continuance [*see* Doc. No. 252 at 2], but the complexity of this matter has been known to the parties long enough that their collective failure to vigorously pursue discovery strikes the Court as unreasonable.

Based on this record, the Court fails to see how the parties have exercised sufficient diligence such that Rule 16's mandatory good cause requirement could be satisfied. The Court perceives a transparent effort by the defendants in this matter to impede the plaintiffs' ability to take discovery in a timely manner, which the Court does not condone. At the same time, plaintiffs served some of their discovery late in the process, and they have failed on occasion to seek timely intervention from the Court for discovery issues over which the parties have come to an impasse. Further, they delayed scheduling depositions (which may have been due to their inability to review documents earlier, given late production by defendants) and served written discovery late in discovery. Thus, both parties jointly carry the blame for this case's failure to proceed through the pre-trial phase in an expeditious fashion.

3

20-cv-1198-RSH-KSC

The parties' stated justifications for amending the Scheduling Order are all "the foreseeable and avoidable result of the parties' lack of diligence and cooperation," and as such the parties' joint request for a continuance does not establish good cause within the meaning of Rule 16. *See* Doc. No. 252 at 2. At the same time, the Court understands the realities at play here. Absent continuation of the due date for filing the class certification motion, plaintiffs are unlikely to secure the discovery necessary to file their motion. Thus, plaintiffs would bear virtually all the prejudice from a situation not solely of their own making; whereas defendants would receive a windfall by taking what the Court considers to be an inordinate amount of time to produce responsive discovery. This Court finds the avoidance of this situation constitutes good cause given the public policy favoring full and fair adjudication on the merits, as opposed to resolving cases through procedural gamesmanship. *Cf. In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

The parties' joint request is accordingly **GRANTED**, although not without marked hesitation by the Court given the history of this case. Should any party seek to further modify the Scheduling Order in this matter, <u>it will be a necessary condition of any such request that (a) all moving parties exercise reasonable diligence to conduct discovery prior to seeking leave to amend the Scheduling Order; and (b) objectively reasonable facts unrelated to garden variety discovery disputes give rise to good cause.</u> The Court expressly directs plaintiffs to focus their efforts on prioritizing and securing discovery necessary to certify the class, as fact discovery on the merits will continue after the class certification motion is filed. The Court expressly directs defendants to participate in discovery without engendering further undue delay. The Court will not permit any party to thwart the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. The parties are jointly directed to review and heed the rule setting a 30-day deadline for raising discovery issues with the Court as set forth in section VIII of the Court's Chamber Rules

so the Court can intervene in a timely manner to assist in the resolution of any discovery disputes.

Based on the Court's finding of good cause:

1. Plaintiffs must move for class certification no later than **December 19, 2022**. Defendants' opposition must be filed by **February 2, 2023**. Any reply brief must be filed by **February 22, 2023**. Except for the foregoing briefing schedule, the parties shall fully comply with Civil Local Rule 7.1 in all respects unless leave to do otherwise is granted by the District Court.

2. The fact discovery cutoff is continued to **April 10, 2023**.

3. All other provisions of the operative Scheduling Order [Doc. No. 252] remain in effect.

**IT IS SO ORDERED.**

Dated: October 27, 2022

Hon. Karen S. Crawford
United States Magistrate Judge