UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC KETAYI and MIRYAM KETAYI, both individually and on behalf of all others similarly situated and for the benefit of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH ENROLLMENT GROUP, et al.,<br><br>Defendants. | Case No.: 20-cv-1198-RSH-KSC<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

On November 10, 2022, the Court's staff conferred with counsel for plaintiffs and counsel for defendant Administrative Concepts, Inc. ("ACI") regarding plaintiffs' First Set of Requests for Admission ("RFAs") and plaintiffs' First Set of Requests for Production ("RFPs"). At the Court's request, the parties lodged the disputed discovery requests and responses, which the Court has since reviewed. Plaintiffs seek an order from the Court compelling ACI to respond to RFA Nos. 3-8. Plaintiffs also seek an Order setting a firm date for ACI to produce supplemental responses (and responsive documents) to plaintiffs' RFPs. The Court **GRANTS IN PART** and **DENIES IN PART** plaintiffs' request.

////

I. **Plaintiffs' Requests for Admission**

ACI supplied only objections to plaintiffs' RFA Nos. 3-8. ACI carries the burden of substantiating its objections. *Lofton v. Verizon Wireless VAWJ LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). As set forth below, the Court both overrules and sustains ACI's objections, and the Court orders ACI to respond on the terms set forth in this Order.

RFA Nos. 3 and 4

The gravamen of ACI's objection to RFA Nos. 3 and 4 is that plaintiffs included an "undefined term," specifically the term "comprehensive insurance plan," as part of both RFAs. Defendant claims the undefined term is vague, and the RFA calls for a "legal conclusion." Requests for Admission, however, are explicitly permitted to seek legal conclusions. *See* Fed. R. Civ. P. 36(a)(1)(A). ACI's objections on that basis are thus overruled.

When faced with an RFA that engenders some vagueness a party cannot simply refuse to respond. Rather, it must rather admit or deny the matter to the fullest extent possible and "explain in detail why other portions of the request may not be admitted." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994). The Court expects the parties to narrow the scope of a discovery request through the meet-and-confer process rather than ask the Court to re-write discovery requests as appropriate. *See TGG Mgmt. Co. v. Petraglia*, 19cv2007-BAS-KSC, 2021 WL 364162, 2021 U.S. Dist. LEXIS 20538, at *4 (S.D. Cal. Feb. 2, 2021); *Bartolome v. City and Cty. of Honolulu*, 06-00176 SOM/LEK, 2008 WL 2736016, 2008 U.S. Dist. LEXIS 53398, at *36-37 (D. Haw. July 14, 2008). Here, plaintiffs' counsel argues the term "comprehensive insurance plan" is widely understood in the insurance industry and cannot therefore have caused any genuine confusion to ACI. That may be so, but absent a specific instruction in the RFAs or admissible evidence about the general knowledge of the insurance industry on which this

Court can base a ruling, the Court concludes that "comprehensive insurance plan" is facially vague enough to support an objection.[1]

This problem is easily cured. If in fact the definition of a "comprehensive insurance plan" is settled beyond cavil in this industry, then plaintiffs can easily supply a definition that ACI must use in framing a response. Accordingly, the Court orders plaintiffs to provide ACI with a definition for "comprehensive insurance plan" on or before November 18, 2022. ACI must respond to RFA Nos. 3 and 4 using plaintiffs' definition of "comprehensive insurance plan" without objection on or before November 23, 2023.

RFA No. 5

RFA No. 5 seeks an admission about whether ACI "knew the Liberty Health Plan sold to plaintiffs was not a Preferred Provider Organization (PPO) insurance plan." ACI objects on the grounds of the RFA being "vague and ambiguous as to time." Plaintiffs correctly argue ACI's objections based on the scope of time are improper because plaintiffs have identified the insurance plans at issue, from which information ACI can conclude the time frame at issue pertains to when the named plaintiffs purchased the identified plans. ACI's objection is accordingly overruled, and ACI must respond to RFA No. 5 on or before November 23, 2022.

RFA No. 6

RFP No. 6 asks ACI to admit it "never disclosed to plaintiffs that the Liberty Health Plan was not a PPO insurance plan." ACI objects on the basis the request "implies that ACI had a duty to 'disclose' any such information." Semantic objections are not grounds to refuse responding to an RFA. *Marchand*, 22 F.3d at 938. The question of whether ACI

---

[1] Paragraph 7 of the definitions provided by plaintiffs in the RFAs state that "[w]hen a word is not specifically defined, it may be defined with reference to either Black's Law Dictionary (10th ed. 2014) or the Merriam-Webster Dictionary (New ed. 2016). While this Court does not possess either of these editions, Merriam-Webster's on-line dictionary does not include definitions for either "comprehensive insurance plan" or "requirements of the Affordable Care Act."

disclosed a particular fact is wholly separate from whether ACI had a duty to disclose it. Thus, ACI can admit or deny the fact of disclosure independent of the issue of duty. The objection is overruled, and ACI must respond on or before November 23, 2022. ACI may otherwise expand upon its answer within the scope permitted by Rule 36(a)(4) if doing so is proper, but it must fairly respond to the question.

<u>RFA Nos. 7 and 8</u>

ACI objects to RFA Nos. 7 and 8 because (1) the RFAs refer to "the requirements of the Affordable Care Act" which ACI contends is ambiguous; (2) it considers the RFAs overbroad as to time; and, (3) it contends No. 8 "implies" a duty to disclose, the existence of which duty ACI is unwilling to concede. The Court overrules ACI's objections as to the scope of time on the same basis as the ruling on No. 5, *supra*. ACI's objections about the implications of a duty to disclose are overruled on the same basis as the ruling on No. 6, *supra*.

However, the Court agrees with ACI that RFA Nos. 7 and 8 do not in and of themselves specify what is meant by the "requirements" of the Affordable Care Act. Although plaintiffs' counsel asserts such requirements are a matter of common knowledge in the industry, the Court will not base a ruling on those assertions. Instead, plaintiffs are ordered to supply a particularized definition of "the requirements of the Affordable Care Act" on or before November 18, 2022. ACI is ordered to reply—without objection to plaintiffs' definition—on or before November 23, 2022.

## II. **Plaintiffs' Requests for Production**

Counsel for the parties report they have met and conferred, and they have agreed ACI will provide supplemental responses to certain RFPs in plaintiffs' first set. The parties cannot, however, agree on a timeline. Counsel for ACI represents that ACI might be able to produce supplemental responses before the upcoming Thanksgiving holiday, but counsel cannot commit to a firm date for producing documents, which counsel estimates total about 500 pages. Plaintiffs' counsel requests that responses be provided on or before November

21, 2022, with the subject documents produced as soon thereafter as practicable. Because the parties cannot agree on a date for production, the Court will supply one.

The Court notes ACI served its original responses to these requests on September 26, 2022. Since that time, ACI has met and conferred with plaintiffs, and it has seemingly identified all the responsive documents that must be produced in a supplemental production. ACI has had more than sufficient time to ascertain responsive documents, assess the scope of its response, and respond as required by the Federal Rules of Civil Procedure. Given the impending deadline for a class certification motion, this Court finds there is good cause to order ACI to provide supplemental responses by November 23, 2022, and to produce all responsive documents by December 2, 2022.[2]

### III.   Conclusion and Order

For the reasons stated above, this Court **ORDERS** as follows:

(1) Plaintiffs will provide definitions for the terms "comprehensive insurance plan" and "the requirements of the Affordable Care Act" no later than the close of business on **November 18, 2022**;

(2) ACI will respond to plaintiff's RFA Nos. 3-8 on or before **November 23, 2022**;

(3) ACI will serve supplemental responses to plaintiffs' First Set of RFPs on or before **November 23, 2022**; and

(4) ACI will serve **all** documents responsive to the First Set of RFPs on or before **December 2, 2022**.

Dated: November 16, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

---

[2] ACI and the other parties to this dispute are fully aware of the tight deadlines in this case, and they have already been cautioned about any further discovery gamesmanship. *See* Doc. No. 273 at 7-8. The Court expects compliance from all parties going forward.